LASKY (WASHINGTON v.). See Case No. 17,230.

## Case No. 8,099.

### LA SOCIETE ANONYME DES MINES v. BAXTER et al.

[14 Blatchf. 261;[1] 14 O. G. 679; Cox, Manual Trade-Mark Cas. 313.]

Circuit Court, S. D. New York. June 12, 1877.

TRADE-MARKS—DRY WHITE OXIDE OF ZINC.

The right of A. to a trade-mark in connection with the dry white oxide of zinc, is not infringed by the sale of a paint composed of a white oxide of zinc ground in oil, and untruly represented as containing white oxide of zinc made by A., such trade-mark never having been applied by A. to that article ground in oil.

[This was a suit in equity by La Société Anonyme des Mines et Fonderies de Zinc de la Vieille Montagne against Charles H. Baxter and others for the alleged violation of complainants' trade-mark.]

Daniel D. Lord, for plaintiffs.

Dickerson & Beaman, for defendants.

BLATCHFORD, District Judge. On the allegations of the bill, the plaintiffs can claim their trade-mark only for the dry white oxide of zinc. It does not appear that they ever sold that article ground in oil, or ever applied such trade-mark to that article ground in oil. The fact that the defendants sell a paint composed of a white oxide of zinc ground in oil, and represent it as containing white oxide of zinc made by the plaintiffs, when it does not contain white oxide of zinc made by the plaintiffs, is no violation of any trade-mark of the plaintiffs. The defendants have not sold the dry white oxide in that state. It is not shown that the plaintiffs have sold such oxide ground in oil. It is true that the oxide is intended to be ground with oil, for a paint. So, flour is intended to be made into bread. But, if a baker should falsely stamp his bread with the mark of a particular brand of flour, the maker of such brand, if having a trade-mark therefor, could not claim that the baker had violated his trade-mark. And so of any other raw material which enters as an ingredient into a compound or article of manufacture. The application must be denied.